IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MARGELEE HYLTON, TONY HYLTON, TOMEKA CHOICE, individually and on behalf of her two minor children, DIAMOND CHOICE and JEREMIAH CHOICE, SHENEQUA JOHNSON, and CHONTHENA CONNORS, | § § § § § § § | |
| Plaintiffs, | § | NO. |
| v. | § § | |
| CRACKER BARREL OLD COUNTRY STORE, INC., | § § § | |
| Defendant. | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

COME NOW, Pastor Margelee Hylton, Tony Hylton, Tomeka Choice, individually and on behalf of her two minor children, Diamond Choice and Jeremiah Choice, Shenequa Johnson, and Chonthena Connors (collectively, "Plaintiffs") and file Plaintiffs' Original Complaint against Defendant Cracker Barrel Old Country Store, Inc. ("Defendant" or "Cracker Barrel" or "CBRL"), and would respectfully show this Court as follows:

## PRELIMINARY STATEMENT

This case arises out of an all too frequent act of blatant racism at the local Cracker Barrel. At an after church lunch, Pastor Hytlon, her husband, members of her congregation, and their children — all African-Americans — were treated to repeated slights by Cracker Barrel staff, and, having finished their meals, were then delivered a note that read:

<u>GUNS AREN'T LAWFUL;</u>

<u>NOOSES GIVE;</u>

<u>GAS SMELLS AWFUL;</u>

<u>YOU MIGHT AS WELL LIVE.</u>

(Emphasis in original). One would think that there is no place for this type of conduct in this day and age. Sadly, there are, and they are owned and operated by CBRL, and can be found as nearby as Lewisville. Like the Department of Justice and other aggrieved claimants, Plaintiffs now bring their claims for racial discrimination and related torts against CBRL in the hope that this restaurant chain may one day see the error of its ways.

## PARTIES

1. Plaintiff Pastor Margelee Hylton is an individual residing in Dallas, Texas.

2. Plaintiff Tony Hylton is an individual residing in Dallas, Texas.

3. Plaintiff Tomeka Choice is an individual residing in Texas, and is the mother and legal representative of Diamond Choice and Jeremiah Choice.

4. Plaintiff Diamond Choice is a minor residing in Texas, and is the daughter of Tomeka Choice.

5. Plaintiff Jeremiah Choice is a minor residing in Texas, and is the son of Tomeka

Choice.

6. Plaintiff Shenequa Johnson is an individual residing in Texas.

7. Plaintiff Chonthena Connors is an individual residing in Texas.

8. Defendant Cracker Barrel Old Country Store, Inc., is a Tennessee corporation with its principal place of business at 305 Hartman Drive, Lebanon, TN 37087. CBRL may be served with process by serving its registered agent CT Corporation System, 350 N. St. Paul St., Suite 2900, Dallas, TX 75201-4234.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331 based on Plaintiffs' claims under 42 U.S.C. § 1981, and pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00. The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiffs' state law claims because they arise out of the same case or controversy as the federal cause of action.

10. Venue of this action is proper in this Court pursuant to 28 U.S.C. § 1391 because the events or omission giving rise to this claim accrued within this District and Division at CBRL's Lewisville, Texas, location, 889 South Stemmons, Lewisville, TX 75067 (the "Lewisville Location").

## FACTS PERTAINING TO ALL CLAIMS

### A. The Justice Department Found That CBRL Engaged In Widespread Discrimination Against African-American Patrons.

11. CBRL is a publicly traded company principally engaged in the operation and development of the Cracker Barrel Old Country Store restaurant and retail concept (Cracker Barrel).

12. As of September 2010, CBRL operated 595 full-service restaurants and gift shops in 41 states.

13. In May 2004, the Department of Justice announced the filing and settlement of a lawsuit alleging racial discrimination against African-American customers by CBRL.

14. The Justice Department's complaint alleged that Cracker Barrel violated Title II of the Civil Rights Act of 1964 by engaging in a pattern or practice of discrimination against African-American customers and prospective customers on the basis of their race or color. Specifically, the Justice Department's complaint alleged that Cracker Barrel, *inter alia*, allowed white servers to refuse to wait on African-American customers, segregated customer seating by race, seated white customers before African-American customers who arrived earlier, provided inferior service to African-Americans customers after they were seated; and treated African-Americans who complained about the quality of Cracker Barrel's food or service less favorably than white customers who lodged similar complaints.

15. The Justice Department's investigation revealed evidence of such conduct in approximately 50 different Cracker Barrel restaurants in seven states, and included interviews with approximately 150 persons, mostly former Cracker Barrel employees, of whom 80 percent stated that they experienced or witnessed discriminatory treatment of customers at a Cracker Barrel restaurant. The investigation suggested that managers often directed, participated in, or condoned the discriminatory behavior.

16. As part of the jointly filed consent order, which covered Cracker Barrel restaurants nationwide, CBRL was required to hire an outside auditor to ensure compliance with its terms. The five-year agreement required CBRL to, *inter alia*, adopt and implement effective nondiscrimination policies and procedures, implement new and enhanced training programs to ensure compliance with Title II and the consent order, develop and implement an improved system for investigating, tracking, and resolving discrimination complaints, retain an outside contractor to test the compliance of Cracker Barrel restaurants with Title II and the order, and publicize the company's nondiscrimination policies.

B. **CBRL Continues To Discriminate Against African-American Patrons.**

17. Plaintiffs are all African-American.

18. Following church services on or about Saturday, April 18, 2009, Pastor Hylton, her husband (Tony), and members of her congregation, Ms. Choice, her two minor children ages 7 (Jeremiah Choice) and 11 (Diamond Choice), Ms. Johnson, and Ms. Connors, entered CBRL's Lewisville location for lunch.

19. Although seating appeared readily available, Plaintiffs were told by CBRL personnel that they would have to wait to be seated.

20. Plaintiffs waited an inordinate amount of time before finally being seated.

21. While Plaintiffs waited, several different groups of white customers that entered the CBRL Lewisville location after Plaintiffs were seated with little or no wait, and ahead of Plaintiffs.

22. Plaintiffs were seated near the kitchen at the back of the establishment, and segregated from the general seating area available to other patrons.

23. Once seated, Plaintiffs waited an inordinate amount of time before any servers approached their table and took their orders.

24. While Plaintiffs waited for service, several different groups of white customers that were seated after Plaintiffs were waited on ahead of them.

25. After placing their order, Plaintiffs waited an inordinate amount of time before receiving their food.

26. While Plaintiffs waited for their order, several different groups of white customers that ordered after Plaintiffs were served with their food.

27. After Plaintiffs finished eating, a white CBRL employee physically handed Plaintiffs a note (the "Note") while they were paying their bills, which read in large hand-writing:

GUNS AREN'T LAWFUL;

NOOSES GIVE;

GAS SMELLS AWFUL;

YOU MIGHT AS WELL LIVE.

28. The Note is underscored with a series of "N"s.

29. Pastor Hylton, on behalf of her husband and the other Plaintiffs, complained to the cashier and to the manager, both of which were non-responsive to Plaintiffs' complaints regarding their treatment.

### CAUSES OF ACTION

**Count 1: RACIAL DISCRIMINATION (42 U.S.C. § 1981)**

30. Plaintiffs re-allege and incorporate the allegations set forth in the preceding paragraphs.

31. Plaintiffs are all members of a racial minority and member of a protected class.

32. Plaintiffs were all subjected to pervasive and intentional discrimination when they were subjected to extremely poor and disproportionate service relative to white customers, segregated seating, racial slurs, threats of bodily harm, and offensive physical contact.

33. Plaintiffs were subjected to the above-referenced treatment solely because of their race.

34. Plaintiffs each suffered embarrassment, humiliation, anxiety, pain and suffering, and severe emotional distress, which continue now and into the future, and as a direct, foreseeable, and proximate cause of the incident.

35. The racial discrimination at issue violated 42 U.S.C. § 1981 because it denied Plaintiffs the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship between Plaintiffs and CBRL, and the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens.

36. Plaintiffs request that they each be awarded $750,000 in actual and consequential damages (for an aggregate of $4,500,000), all statutory penalties to which they may be entitled, plus reasonable attorneys' fees and costs, pre-judgment and post-judgment interest, and punitive damages in amount to be determine by the trier of fact, and all other relief the Court finds just.

### Count 2: NEGLIGENCE (Hiring, Supervision, Training, And Retaining)

37. Plaintiffs re-allege and incorporate the allegations set forth in the preceding paragraphs.

38. CBRL owed Plaintiffs a legal duty to hire, supervise, train, or retain competent employees.

39. CBRL breached it duties to Plaintiffs when it hired, supervised, trained, and retained its employees.

40. Plaintiffs each suffered embarrassment, humiliation, anxiety, pain and suffering, and severe emotional distress, which continue now and into the future, and as direct, foreseeable, and proximate cause of the CBRL's breaches of its duties.

41. Plaintiffs request that they each be awarded $750,000 in actual and consequential damages (for an aggregate of $4,500,000), plus reasonable attorneys' fees and costs, pre-judgment and post-judgment interest, and punitive damages in amount to be determine by the trier of fact, and all other relief the Court finds just.

**Count 3: ASSAULT (Threat of Bodily Injury)**

42. Plaintiffs re-allege and incorporate the allegations set forth in the preceding paragraphs.

43. CBRL actions towards Plaintiffs were committed intentionally and knowingly.

44. CBRL threatened Plaintiffs with imminent bodily injury.

45. Plaintiffs each suffered embarrassment, humiliation, anxiety, pain and suffering, and severe emotional distress, which continue now and into the future, and as direct, foreseeable, and proximate cause of being threatened with imminent bodily injury.

46. Plaintiffs request that they each be awarded $750,000 in actual and consequential damages (for an aggregate of $4,500,000), plus reasonable attorneys' fees and costs, pre-judgment and post-judgment interest, and punitive damages in amount to be determine by the trier of fact, and all other relief the Court finds just.

### Count 4: ASSAULT (Offensive Physical Contact)

47. Plaintiffs re-allege and incorporate the allegations set forth in the preceding paragraphs.

48. CBRL actions towards Plaintiffs were committed intentionally and knowingly.

49. CBRL made and otherwise caused contact with Plaintiffs' persons.

50. CBRL knew or reasonably should have believe that Plaintiffs would regard the contact as offensive or provocative; and

51. Plaintiffs each suffered embarrassment, humiliation, anxiety, pain and suffering, and severe emotional distress, which continue now and into the future, and as direct, foreseeable, and proximate cause of coming into contact with the Note.

52. Plaintiffs request that they each be awarded $750,000 in actual and consequential damages (for an aggregate of $4,500,000), plus reasonable attorneys' fees and costs, pre-judgment and post-judgment interest, and punitive damages in amount to be determine by the trier of fact, and all other relief the Court finds just.

## Count 5: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

53. Alternatively, Plaintiffs re-allege and incorporate the allegations set forth in the preceding paragraphs.

54. Plaintiffs are all persons.

55. CBRL acted intentionally and recklessly with respect to the conduct alleged herein.

56. The emotional distress suffered by Plaintiffs was, is, and continues to be severe.

57. CBRL's conduct alleged herein was extreme and outrageous.

58. Plaintiffs each suffered embarrassment, humiliation, anxiety, pain and suffering, and severe emotional distress, which continue now and into the future, and as direct, foreseeable, and proximate cause of CBRL's conduct.

59. No alternative cause of action would provide Plaintiffs a remedy for the severe emotional distress caused by CBRL's conduct because the conduct was so unusual (outside of Cracker Barrel restaurants) that Plaintiffs have no other recognized means of redress.

60. Plaintiffs request that they each be awarded $750,000 in actual and consequential damages (for an aggregate of $4,500,000), plus reasonable attorneys' fees and costs, pre-judgment and post-judgment interest, and punitive damages in amount to be determine by the trier of fact, and all other relief the Court finds just.

## JURY DEMAND & REQUEST FOR SUMMONS

61. Plaintiffs hereby demand a jury on all counts and request that the Court issue the Summons provided by Plaintiffs.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiffs respectfully request that Defendant be cited to appear and answer, and that this Court enter a judgment in Plaintiffs' favor and against Defendant, providing for the following relief:

(a) All actual and consequential damages awarded by the trier of fact;

(b) All statutory penalties to which Plaintiffs may be entitled;

(c) All attorneys' fees and costs of suit;

(d) All pre- and post-judgment interest to which Plaintiffs may be entitled;

(e) Punitive and exemplary damages in an amount to be determined by the trier of fact; and

(f) Such other and further relief to which Plaintiffs may be justly entitled.

Dated:  April 17, 2011

Respectfully submitted,

LACKEY HERSHMAN, L.L.P.

By:/s/ Jamie R. Welton
   Jamie R. Welton
   State Bar No. 24013732
   Deborah Deitsch-Perez
   State Bar No. 24036072

3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219-4241
Telephone:     (214) 560-2201
Telecopier:    (214) 560-2203

**ATTORNEYS FOR PLAINTIFFS**